BRETT TOLMAN, United States Attorney (#8821)
KARIN FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

FILED IN UNITED STATES DISTRICT
COURT DISTRICT OF UTAH

AUG 07 2006

MARKUS B. ZIMMER, Clerk
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. _WA-06-250 M_ |
|---|---|---|
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| vs. | : | |
| | : | |
| NICHOLAS A. LOWERY, | : | VIO:18 U.S.C. § 2422(b) |
| | : | [Coercion and Enticement For Illegal |
| Defendant | : | Sexual Activity]; |

Before Honorable Paul Warner, United States Magistrate Judge for the District of

Utah, appeared the undersigned, who on oath deposes and says:

COUNT I
(18 U.S.C. § 2422(b))
(Coercion and Enticement)

Between June 2006, and August 2006, in the Central Division of the District of

Utah,

NICHOLAS A. LOWERY,

1

the defendant herein, did knowingly and intentionally, by means of a facility of interstate commerce, persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to so persuade, induce, entice, and coerce; all violation of Title 18, United States Code, Section 2422(b).

## STATEMENT OF FACTS

I, Petra Butler, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation, and have been so employed since 1995. I also was employed for five years with the Secret Service. I am currently assigned to the Provo Resident Agency.

2. I am currently assigned to the Utah County Sex Crimes Task Force. My training includes attendance at the Innocent Images On-Line Investigation Course as well as Various crimes against children investigative courses. In the course of my employment, I have investigated numerous cases involving coercion and enticement.

3. This affidavit is made in support of a criminal complaint charging with attempting to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

4. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

5. Your affiant knows that on June 21, 2006, law enforcement working in an undercover capacity, entered a Yahoo! chatroom using the persona of a 13 year old girl and a screen name "mindie_girl." This screen name was contacted via Yahoo! Instant Messenger by an individual using the screen name, "bign94." during the chat "mindie_girl" told him she was 13, and he suggested they meet for oral sex. A meeting was arranged but "bign94" did not appear. During the chat, "bign94" sent "mindie_girl" an image of his penis. After arrest, Lowery initialed this picture acknowledging that he sent the image.

6. On June 29, 2006, "bign94" contacted a different undercover officer using the screen name "quiet_manda." At the start of the chat "quiet_manda" told "bign94" she was 13 years old and from Orem in response to his questions about her age and location. After arrest, Lowery initialed all pages of all chats and acknowledged he used the screen name "bign94" when chatting with "quiet_manda." During the June 29, 2006 chat, Lowery suggested that they do something other than "tuching or kissing" if they met.

7. On August 3, 2006, Lowery again contacted "quite manda." He suggested that they meet for oral sex. A meeting was arranged for that evening at a nearby skate park. Lowery indicated he would be driving a small gray truck.

8. At the time arranged for the meeting, officers observed a small Nissan truck drive up to the skate park. Your affiant observed Lowery exit the vehicle and walk around a small building near the skate park and return to his vehicle. When law enforcement

approached Lowery and asked him what he was doing at the park, Lowery stated he was there to meet a "friend" and denied chatting on line. He then said his "friend" "Beau" had been chatting on line and had arranged for Lowery to meet someone.

9. Lowery was arrested and provided his *Miranda* rights. Lowery gave conflicting stories about his activities that evening, including that his brother may have sent the image of a penis. He eventually acknowledged he had been chatting on-line with "quiet_manda" and initialed all pages of the chat. He also acknowledged that he had sent an image of his penis to "mindie_girl." Lowery acknowledged he had chatted on the computers located in his residence in Springville, Utah. Lowery also consented to law enforcement searching the cell phone he carried with him at the time of arrest. The final lines of his chat with "quiet_manda" were observed on his cell phone.

10. I know from experience that Yahoo! is located in Sunnyvale, California and that any transmission from a person using Yahoo! is relayed to and from California. Because defendant and your affiant were using Yahoo! to communicate, the sexually explicit communications traveled in interstate commerce.

11. The defendant, Nicholas A. Lowery, attempted to meet the 13 year-old female in Orem, Utah for purpose of conducting illegal sexual behavior, which act, if completed would constitute a criminal offense under Utah law. Your affiant submits there is probable cause to believe that Lowery violated 18 U.S.C. § 2422(b), Coercion and Enticement for Illegal Sexual Activity.

_[signature]_

Special Agent Petra Butler
Federal Bureau of Investigations

SUBSCRIBED AN SWORN TO BEFORE ME THIS 7th DAY OF August 2006.

_[signature]_

Hon. Paul Warner
United States Magistrate Judge

Approved:
Brett Tolman

_[signature]_

KARIN FOJTIK
Assistant United States Attorney

5